IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JULIE RAE BROWNFIELD**, | Case No. 2:22-cv-01702-IM |
| Plaintiff, | **ORDER GRANTING ATTORNEY FEES** |
| v. | |
| **FRANK BISIGNANO**, Commissioner of U.S. Social Security Administration, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Before this Court is Plaintiff's attorney's Unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(b) ("Motion"), ECF 28. For any attorney fees award under Section 406(b), the Social Security Administration ("SSA") "has no direct interest in how much of the award goes to counsel and how much to the disabled person" because "the fee is paid by the claimant out of the past-due benefits awarded," not by the SSA. *Crawford v. Astrue*, 586 F.3d 1142, 1147, 1149 (9th Cir. 2009) (en banc). Therefore, "the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Id.* at 1149. Because Plaintiff's attorney has

PAGE 1 – ORDER GRANTING ATTORNEY FEES

demonstrated that its request for fees under Section 406(b) is reasonable, this Court GRANTS the Motion, ECF 28.

A district court that finds in favor of a Social Security disability insurance claimant may award the claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b); *see Crawford*, 586 F.3d at 1147. Under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 at 808). "The attorney bears the burden of establishing that the fee . . . is reasonable." *Id.* at 1148.

This Court finds that Plaintiff's attorney has met his burden to demonstrate that the requested $13,277.00 in fees for representing claimant in this case is reasonable. As an initial matter, Plaintiff contracted with counsel "to pay 25% of past-due benefits if she was awarded benefits." Motion, ECF 28 at 4; *see* Social Security Fee Agreement, ECF 28-1 at 1 ("Federal Court attorney's fees shall be the greater of 25% of any past-due benefits or such amounts as are awarded to my attorney pursuant to the Equal Access to Justice Act (EAJA)."). Plaintiff was awarded past-due Social Security disability benefits of $53,108.00 for January 2019 through September 2025, and 25% of this amount is $13,277.00. *See* Notice of Award, ECF 28-2 at 4.

Next, "[t]he fees requested here are reasonable under the test mandated by *Gisbrecht*." *Crawford*, 586 F.3d at 1151. "First, no reduction in fees due to substandard performance was warranted." *Id.* Plaintiff's attorney "provided high-quality representation which resulted in [his] client[] receiving substantial past-due benefits." *Id.* "Second, no reduction in fees for dilatory conduct was warranted." *Id.* Plaintiff's counsel requested a single two-week extension of time to

PAGE 2 – ORDER GRANTING ATTORNEY FEES

file his opening brief in this Court. Unopposed Motion for Extension of Time to File Opening Brief, ECF 13. The only question is whether the requested fees are "excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151. Here, Plaintiff's counsel "billed for a total of 6.9 hours for time spent on this case," which "represents an hourly fee of $1,924.20." Motion, ECF 28 at 5–6. But as Plaintiff explains, approximately one-third of SSA cases "ultimately result in awards for benefits." *Id.* at 6. Therefore, "[t]o account for the risk of non-payment" for work, this Court agrees that "a contingency multiplier of 3.0 (100% divided by 33%) is warranted." *Id.* The resulting adjusted hourly fee of $641.40 per hour places counsel's billing rate "between the mean ($401) and 95th percentile ($686) hour rates in Portland, Oregon, where counsel's primary offices lie." *Id.* In other words, Plaintiff's attorney "assumed significant risk in accepting these cases, including the risk that no benefits would be awarded." *Crawford*, 586 F.3d at 1152.

For the above reasons, this Court GRANTS Plaintiff's attorney's Unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(b), ECF 28. This Court AWARDS Plaintiff's attorney $13,277.00 of fees under Section 406(b), and Plaintiff's counsel shall refund Plaintiff the amount of $1,675.30 already received by counsel under the Equal Access to Justice Act, which this Court previously awarded. Order, ECF 26; *see Crawford*, 586 F.3d at 1144 n.3 ("A district court may award fees under both the EAJA and 42 U.S.C. § 406(b), 'but the claimant's attorney must refund to the claimant the amount of the smaller fee.'" (quoting *Gisbrecht*, 535 U.S. at 796)).

**IT IS SO ORDERED.**

DATED this 5th day of December, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER GRANTING ATTORNEY FEES